# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>    Plaintiff,<br><br>  v.<br><br>SGT. MACIAS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-01425-SKO (PC)<br><br>FIRST SCREENING ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff Johnathan Hill, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 12, 2014.[1] The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

---

[1] State records identify Plaintiff as Jonathan Lamonte Hill. Doc. 2, In Forma Pauperis Application, p. 4; CDCR online Inmate Locator, http://inmatelocator.cdcr.ca.gov/default.aspx.

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

**II.     Discussion**

    **A.     Failure to Exhaust Prior to Filing Suit**

In his complaint, Plaintiff alleges that he filed an inmate appeal concerning the claims in this action, and the appeal is at the third level of review pending a decision. Plaintiff alleges that because damages are not available through the appeals system, his claims are technically exhausted.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Prisoners are required to exhaust *before* bringing suit and the unavailability of damages through the prison's appeals process does not relieve them from compliance with the statutory exhaustion requirement. *Booth*, 532 U.S. at 741. From the face of Plaintiff's complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by *Albino*, 747 F.3d at 1168-69); *see also Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). Therefore, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit.

      **B.**    **Screening of Claims**

          **1.**    **Summary of Allegations**

Plaintiff, who is currently incarcerated at California Substance Abuse Treatment Facility and State Prison, brings this action against Sergeants A. Macias and R. Castro; Lieutenant L. A. Martinez; and Correctional Officers I. Martinez, J. Zapata, M. Cote, and L. Borges. Plaintiff seeks damages for the violation of his rights under the First and Eighth Amendments of the United States Constitution while he was incarcerated at California State Prison-Corcoran in 2014.

Plaintiff alleges that on February 28, 2014, he was subjected to excessive physical force during mid-day yard release while on his way to pick up his medication. Plaintiff also alleges that the officers who stood by while the incident occurred failed to protect him from harm, and that he was later falsely written up for battery on a peace officer for complaining about the use of excessive force. For the reasons which follow, Plaintiff's conclusory allegations fail to give rise to any cognizable claims for relief under section 1983. The Court will provide Plaintiff with the applicable legal standards and an opportunity to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### 2. Claims

#### a. Excessive Force

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Furnace v.*

4

*Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013).  Not "every malevolent touch by a prison guard gives rise to a federal cause of action," and "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (citations and quotations omitted).  It is only the malicious and sadistic use of force to cause harm that violates the Eighth Amendment. *Id.* at 7.

In this instance, the incident at issue began when Plaintiff, who was walking with his jacket over his head to protect himself from the rain, failed to obey an order to uncover his head. When Plaintiff heard officers approaching from behind, he turned around, walked toward the sergeant, and asked her if the officer was serious about uncovering his head.  The sergeant did not respond, and Plaintiff turned and starting walking toward the medical clinic again.  Plaintiff was then rushed from behind by officers, who yelled at him to get down.  Plaintiff argued over why he had to get down because it was raining and he did not want to get down in the grass and mud.  The officers, identified as Defendants Martinez and Zapata, then "slammed" Plaintiff face-first in the grass and mud, at which point he "started cussing and talking "sh__" because he was "pissed." (Comp., p. 7.)

Plaintiff was handcuffed and placed in leg irons.  The officers were pushing their forearms and elbows into Plaintiff, and he yelled to the sergeant that they were hurting him and using excessive force against him.  The sergeant told Plaintiff to shut up, and Plaintiff was lifted up. Plaintiff was initially dragged and then walked to the program office, where he was left for several hours until he calmed down.

These facts do not support a claim that the force used against Plaintiff was malicious and sadistic for the very purpose of causing harm.  To the contrary, Plaintiff's allegations demonstrate that he twice failed to comply with orders and he was combative.  That Plaintiff may have felt the orders were unreasonable given it was pouring rain is immaterial; compliance with orders from staff is critical to ensuring institutional safety and security. *See* Cal. Code Regs., tit. 15, § 3005(b) ("Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff. . . ."); *Morrison v. Hall*, 261 F.3d 896, 901 (9th Cir. 2001)

("Prisoners' constitutional rights are subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.") (internal quotation marks and citation omitted). In addition, the force used appears to have been *de minimis*. Accordingly, the Court finds that Plaintiff fails to state a claim for use of excessive force in violation of the Eighth Amendment.

### b. **Failure to Protect**

The failure to intervene can support an excessive force claim where the officers standing by had a realistic opportunity to intervene but failed to do so. *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *see also Motley v. Parks*, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).  Here, however, Plaintiff specifically pleads an Eighth Amendment failure-to-protect claim against the officers standing by rather than an excessive force claim.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

Plaintiff's allegations regarding the incident of force do not give rise to a claim against Defendants Castro, Borges, and Macias for failing to protect him.  There is simply no support for a claim that they knowingly disregarded a substantial risk of harm to him with respect to observing him being taken to the ground on February 28, 2014.

#### c. **Retaliation**

Plaintiff alleges that he was written up for battery on a peace officer in retaliation against him for complaining during the incident about the use of excessive force. "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Here, Plaintiff's conclusory allegation does not support a viable retaliation claim; none of the elements are satisfied by Plaintiff's vague statement.

#### d. **False Crime/Incident Report**

Finally, Plaintiff alleges that Defendant Martinez signed off on a crime/incident report he knew to be false. This allegation is set forth under Plaintiff's Eighth Amendment failure-to-protect claim, but signing off on a false report provides no discernible basis for pursuit of an Eighth Amendment. *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040. The allegation also fails to support a claim under the Due Process Clause of the Fourteenth Amendment. Assuming the crime/incident report related to disciplinary proceedings against Plaintiff, he has identified neither the existence of a protected liberty interest nor the denial of the process he was due under federal law; both elements must be sufficiently pled to pursue a due process claim.[2] *Wilkinson v. Austin*,

---

[2] The Court does not suggest that signing off on a report necessarily provides any basis for liability against Defendant Martinez under section 1983, but Plaintiff's allegations are so conclusory that the Court cannot determine what did or did not happen with respect to the crime/incident report or any disciplinary proceeding. *See e.g.*, *Ellis v. Foulk*, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D.Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in *Wolff v. McDonnell*.'") (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)); *Solomon v. Meyer*, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D.Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing *Chavira v. Rankin*, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D.Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); *Johnson v. Felker*, No. 1:12-

545 U.S. 209, 221, 125 S.Ct. 2384 (2005); *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983, and it appears Plaintiff filed suit prior to exhausting the administrative remedies, which subjects this action to dismissal, without prejudice. The Court will provide Plaintiff with an opportunity to file an amended complaint, *Akhtar*, 698 F.3d at 1212-13; *Lopez*, 203 F.3d at 1130; *Noll*, 809 F.2d at 1448-49, and to show cause regarding exhaustion, *Albino*, 747 F.3d at 1169; *Wyatt*, 315 F.3d at 1120. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff SHALL show cause within **thirty (30) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit;

---

cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D.Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) and *Freeman v. Rideout*).

2. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. **If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.**

IT IS SO ORDERED.

Dated:   **June 2, 2015**                            **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE