# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL, | Case No. 1:14-cv-01425-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| SGT. MACIAS, et al., | (Docs. 1, 7, and 11) |
| Defendants. | |

**I.  Background**

Plaintiff Johnathan Hill, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 12, 2014.  On June 2, 2015, the Court dismissing Plaintiff's complaint, with leave to amend, for failure to state a claim and ordered Plaintiff to show cause why this action should not be dismissed for failure to exhaust prior to filing suit.  On July 28, 2015, Plaintiff filed an amended complaint and on August 5, 2015, Plaintiff filed a response to the order to show cause.

**II.  Discussion**

In his complaint, Plaintiff alleged that he filed an inmate appeal concerning the claims in this action, and the appeal was at the third level of review pending a decision.  (Doc. 1, Comp., § II(C).)  Plaintiff alleged that because damages were not available through the appeals system, his claims were "technically exhausted."  (*Id.*)  In response to the order to show cause, Plaintiff argues

that this action should not be dismissed because his claims were exhausted on December 2, 2014. (Doc. 11, Resp.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies *prior* to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Prisoners are required to exhaust before bringing suit and the unavailability of damages through the prison's appeals process does not relieve them from compliance with the statutory exhaustion requirement. *Booth*, 532 U.S. at 741. From the face of Plaintiff's complaint, it appeared clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by *Albino*, 747 F.3d at 1168-69); *see also Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). Plaintiff's response to the order to show cause confirms that he filed suit before the administrative remedy process was complete, and exhaustion during the pendency of suit does not shield it from dismissal. *McKinney*, 311 F.3d at 1200.

///

Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to exhaust prior to filing suit.

IT IS SO ORDERED.

Dated:   **August 13, 2015**                    **/s/ Sheila K. Oberto**
                                   UNITED STATES MAGISTRATE JUDGE